**In re MARCELLA'S PASTA FRESCA, INC., Debtor.**

**HOBART CORPORATION, an Ohio Corporation, Plaintiff,**

v.

**MARCELLA'S PASTA FRESCA, INC., et al., Defendants.**

**Bankruptcy No. 80–00484–BKC–JAG.**
**Adv. No. 80–0116–BKC–JAG–A.**

United States Bankruptcy Court, S. D. Florida.

Oct. 19, 1981.

Ronald G. Neiwirth, Neiwirth & Neiwirth, P.A., Miami, Fla., for cross-claimant, Wilbur Kohn.

Neil J. Berman, Miami, Fla., for trustee.

Steve Friedman, Britton, Cohen, Kaufman, Benson & Schantz, Miami, Fla., for plaintiff, Hobart Corp.

Robert A. Schatzman, Schatzman & Schatzman, Miami, Fla., for Marcella Aitken, Marcella's Italian Commissaries and Marcella's Restaurant & Lounge.

Louis Phillips, Phillips & Phillips, Miami, Fla., for Marcella's Pasta Fresca, Inc.

William R. Roemelmeyer, Miami Shores, Fla., trustee.

FINDINGS AND CONCLUSIONS

JOSEPH A. GASSEN, Bankruptcy Judge.

This adversary proceeding commenced with the filing of a complaint by Hobart Corporation against the debtor, the trustee, William Roemelmeyer, and the landlord, Wilbur Kohn for turnover of certain equipment which Hobart had furnished to the debtor and for which it had not been compensated. Hobart's problem had been resolved prior to the trial of issues between

other parties to which these Findings and Conclusions are directed.

The landlord, Wilbur Kohn utilized the proceeding to file a cross-claim against the trustee, William Roemelmeyer, in which the landlord asserted a claim for administrative rent from the period of September 29, 1980 through January 31, 1981 (C.P. No. 22). September 29, 1980 is the date that the case was converted from chapter 11 in which the debtor had been debtor-in-possession to chapter 7 and William Roemelmeyer was appointed trustee. The landlord made a new lease with Entrees, Internationale, Inc. on January 20, 1981, the term of which commenced February 1, 1981. This lease together with a letter of understanding dated January 21, 1981, a business sale agreement dated February 1, 1981 and letter of understanding and addenda dated January 24, 1981, were received into evidence as Landlord's Exhibit No. 5.

The trustee filed a several count counterclaim against the landlord but immediately prior to trial was granted leave to dismiss that counterclaim without prejudice (C.P. No. 60). Consequently, the matter was tried before the court on July 28, 1981 on the landlord's cross-claim (denoted counterclaim) against the trustee for administrative rent and the trustee's response thereto (Answer portion of C.P. No. 23).

Prior to these proceedings, the debtor had occupied the subject premises pursuant to a lease dated November, 1973 between Wilbur Kohn as landlord and Marcella's Italian Commissaries, Inc. as tenant (Landlord's Exhibit No. 1). The term of that lease was for ten years commencing December 1, 1973 and ending November 30, 1983 at an agreed rental of $335 per month. The original tenant was a corporate affiliate of the debtor in this case. Both corporations commenced proceedings in this court under chapter 11 of the Bankruptcy Code on April 28, 1980 and both were converted to chapter 7 prior to the trial of this adversary proceeding. There is no dispute between the parties that the debtor in this case had occupied the premises under the terms and conditions of Landlord's Exhibit No. 1 even though there apparently was no formal assignment of the original lease from Marcella's Italian Commissaries, Inc. to Marcella's Pasta Fresca, Inc.

Defaults in the payment of rent on the part of the tenant led to eviction proceedings on June 20, 1979 which were resolved by a new and different rental arrangement with respect to the continued use and occupancy of the premises by the tenant. To reinstate the tenancy, the landlord and tenant had apparently agreed orally on the payment of $2,600 per month payable weekly to bring the rent current and for continuance of the use and occupancy. (Testimony of Wilbur Kohn.) However, the tenant did not continue to make the payments necessary to reinstate the tenancy and as a consequence the landlord served the statutory fifteen day notice of termination of tenancy on Marcella's Italian Commissaries, Inc. on December 14, 1979 (Landlord's Exhibit No. 3). Thereafter, on December 23, 1979, the landlord delivered a letter to Marcella's Pasta Fresca, Inc. stating that if that entity continued to occupy the premises after the termination of the tenancy on December 31, 1979 as per the notice of December 14, 1979, that the rent would be $1,200 per week (Landlord's Exhibit No. 2).

It was in about January, 1980 that new officers began acting for the debtor and they attempted to continue to operate while trying to pay $650 per week rent. This was later reduced to $350 per week which was what debtor-in-possession said it could "handle". (Wilbur Kohn's testimony).

The debtor continuously occupied the premises until the filing of the petition in chapter 11 on April 28, 1980 and thereafter as debtor-in-possession until September 29, 1980 at which time William Roemelmeyer was appointed trustee and took possession as such.

Wilbur Kohn entered into a "letter of general understanding" with Kevin J. McKeon on September 6, 1980 pursuant to which McKeon was permitted certain use of the premises defined therein and in anticipation of a complete lease being entered into between Kohn and McKeon or a corpo-

ration to be formed by him (Landlord's Exhibit No. 4). The testimony shows that McKeon did in fact use and occupy the premises from approximately September 21, 1980 through January, 1981. Entrees, Internationale, Inc. is the corporation which was formed by McKeon and associates and which then entered into the lease (Landlord's Exhibit No. 5). The testimony further shows that McKeon did pay $350 per week to Kohn during the September, 1980 —January, 1981 interval. The trustee made no payments to Kohn during any of the time from his appointment on September 29, 1980 through January 31, 1981.

In this adversary case the landlord contends that he is entitled to administrative rent calculated as the difference between the rental value of the premises and the amount of rent he collected from McKeon from September 21, 1980 through January 31, 1981. The landlord testified that the rental value of the property during that period of time was $5,000 per month. He offered no other evidence of rental value. The trustee on the other hand contends that the rental value of the premises was no more than the total paid to the landlord by McKeon throughout the time involved in this proceeding. Kohn's testimony was that McKeon had paid the $350 for an agreed twelve week period starting in September, 1980 and then continued making the payments after the twelve weeks. Kohn stated that he was seeking around $3,000—$4,000 per month rent but had no other offers. The landlord further contends that he could not permanently re-rent the premises until after all the equipment belonging to debtor and its affiliated corporations had been removed from the premises. However, the facts are that the letter of general understanding with McKeon was entered into with much of that equipment still on the premises and that some equipment remained on the premises on January 20, 1981 and February 1, 1981, the respective dates upon which Entrees, Internationale, Inc. executed Landlord's Exhibit No. 5 and the term of that lease commenced.

Notwithstanding the landlord's feeling that the market rental value of the premises from September 29, 1980 through January 31, 1981 was $20,000 ($5,000 per month), the court finds that the rental value was not more than $350 per month as evidenced by the lease made by the landlord with Entrees, Internationale, Inc. on January 20, 1981 for a term of five years (Landlord's Exhibit No. 5). The original lease with Marcella's Italian Commissaries, Inc. which would have extended through November, 1983, had there been no default, provided for rent of $335 per month. The court doubts the landlord's ability to have re-rented the premises at amounts in excess of the rental provisions under the lease. He did not actually evict this debtor and/or Marcella's Italian Commissaries, Inc. despite serious rental defaults. Had the rent which Kohn testified was reasonable been available from anyone else, it is unlikely that he would have been as indulgent of the debtor from his notice of termination in December, 1979 until the petition under chapter 11 was filed in April, 1980 and thereafter through the debtor-in-possession period.

If it is landlord's theory that the additional consideration from Entrees, Internationale, Inc. under the Business Sale Agreement (part of Landlord's Exhibit No. 5) should also be considered in determining the rental value of the premises, then we reject that theory since the additional $1,200 per month is "In consideration of Wilbur Kohn (Individual) relinquishing the Real Properties, as stated in the Business Lease, to Entrees, for the Conduct of Entrees' business enterprise. . . ." The Business Sale Agreement further states that Wilbur Kohn formerly conducted his personal business from the leased premises. This implies that the use and occupancy granted to Entrees, Internationale, Inc. is greater than that previously enjoyed by the debtor or the trustee. Therefore, we find and conclude that the rental value of the premises from September 29, 1980 through January 31, 1981 was $350 per month.

During that period of time, the landlord collected in excess of $4,200 from McKeon pursuant to Landlord's Exhibit No. 4. Even though the landlord characterized

these payments from McKeon as "option" payments, the fact is that McKeon used and occupied the premises during this period. Therefore, we impute a portion of the $4,200 to be for the use and occupancy during the four month period. That portion is $350 per month for four months, or $1,400. The receipt of this by Kohn fully satisfies the rental value and the trustee owes nothing to the landlord for administrative rent.

In accordance with Bankruptcy Rule 921(a), a separate Final Judgment incorporating these Findings and Conclusions is being entered this date.